■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GREEN, Appellant.— Judgment of conviction as to the first and ninth counts of the indictment unanimously reversed on the law and facts and new trial granted, and otherwise judgment of conviction affirmed. Memorandum: The indictment as returned contained 11 counts. Prior to trial the seventh count was severed and at the end of the People's case, counts 3 and 11 were dismissed. The defendant was found guilty of the remaining counts. The record reveals that defendant's guilt on counts 4, 5 and 8 was established by sufficient evidence and the convictions thereon are constitutionally valid. (See *People* v. *Bergerson*, 17 N Y 2d 398.) Counts 1, 2, 9 and 10 charged violations of subdivision 3 of section 2460 of the Penal Law in that defendant induced and procured two females to become prostitutes, and violations of subdivision 8 thereof, in that he received money from the earnings of named prostitutes. We find sufficient corroboration to sustain the conviction under counts 2 and 10 of the indictment. (Cf. *People* v. *Jelke*, 1 N Y 2d 321.) However, we view as insufficient the corroboration of the prostitute named in the first and ninth counts of the indictment when evaluated in the light of subdivision 9 of section 2460 of the Penal Law, and the principles enunciated in *People* v. *Jelke* (*supra*). (Appeal from judgment of Erie County Court, convicting defendant of violation of Penal Law, § 2460, subd. 3; §§ 483, 1146, 973, 2460, subd. 8.) Present — Del Vecchio, J. P., Gabrielli, Moule, Bastow and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT GOODWIN, Appellant.— Order unanimously affirmed. Memorandum: Defendant claims that prison officials, by their actions, precluded him from reaching his attorney to have him file a notice of appeal from his judgment of conviction. A hearing was held on a previous petition for the same relief on April 5, 1968; defendant's application was denied and no appeal was taken. We have reviewed the determination made on the hearing from which no appeal was taken. We find that there was no error therein and that if it had been timely and properly presented to us, we would have affirmed. Therefore, we affirm the order denying defendant's application herein which is simply a renewal of the previous application. (*People* v. *Sullivan*, 4 N Y 2d 472.) (Appeal from order of Monroe County Court denying, without a hearing, motion for resentence.) Present — Del Vecchio, J. P., Gabrielli, Moule, Bastow and Henry, JJ.

■ LOUISE POLIZZI, by Her Parent and Natural Guardian JOSEPH POLIZZI, et al., Respondents, v. CARL MASTERS, Appellant, and CARL D. BENSON, Respondent.— Judgment entered May 15, 1969 unanimously affirmed, without costs. First decretal paragraph of the judgment entered May 22, 1969 unanimously affirmed, with costs against defendant Masters; second decretal paragraph thereof unanimously reversed on the law and facts and a new trial granted unless plaintiff Joseph Polizzi stipulates to reduce the verdict to $778.15 within 20 days from the date of the order to be entered hereon, in which event the judgment is modified accordingly, and as so modified, affirmed, without costs. Memorandum: In our view the verdict in the action brought on behalf of the infant finds ample support in the record. In the father's derivative action, however, the verdict may not stand since it exceeds the proved damages amounting to $778.15. (Appeals from judgments of Monroe Trial Term in automobile negligence action.) Present — Del Vecchio, J. P., Gabrielli, Moule, Bastow and Henry, JJ.